No. 23-11881-E

## IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

### SAREGAMA INDIA LTD.,
Plaintiff–Appellee,

**v.**

### BHARATH AIYER,
Defendant–Appellant.

On Appeal from the United States District Court
for the Northern District of Georgia
Case No. 1:09-cv-01581-TCB

### BRIEF OF APPELLANT BHARATH AIYER

Michael J. King
GREENBERG TRAURIG, LLP
Terminus 200, Suite 2500
3333 Piedmont Road, NE
Atlanta, Georgia 30305
678-553-2100

### Attorney for Defendant-Appellant Bharath Aiyer

## I.    CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Local Rule 26.1-1(a)(2), the undersigned counsel of record for Defendant-Appellant Bharath Aiyer certifies that the following is full and complete list of the trial judge, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns ten percent or more of the party's stock, and other identifiable legal entities related to a party:

Timothy C. Batten, Sr. (Chief U.S. District Judge, Northern District of Georgia)

Saregama India Ltd. (Plaintiff-Appellee)

Bharath Aiyer (Defendant-Appellant)

Subramanian Aiyer (Defendant)

Anand Aiyer (Defendant)

ASV Cyber Solutions, Inc. (Defendant)

MusicIndia Online (Defendant)

Alan Stuckey Clarke (attorney for Plaintiff-Appellee)

Anthony Motta (attorney for Plaintiff-Appellee)

Greenspoon Marder LLP (law firm representing Plaintiff-Appellee)

The Law Office of Anthony Motta (law firm representing Plaintiff-Appellee)

Michael J. King (attorney for Defendant-Appellant)

Greenberg Traurig, LLP (law firm representing Defendant-Appellant)

## <u>Statement Regarding Oral Argument</u>

Bharath Aiyer is prepared to present oral argument if the Court desires. The issues involved in this case are not controlled by any definitive published authority. Specifically, whether the time for seeking relief under Fed. R. Civ. P. 60(b)(4) begins at the time of judgment rather than the time the defendant learns of the judgment has not been expressly ruled on by this Court. Oral argument would present the opportunity for an open discussion about how the time for seeking relief from a judgment applies to a foreign national who was not served with a copy of the judgment until 11 years after it was entered.

## **TABLE OF CONTENTS**

I.     CERTIFICATE OF INTERESTED PERSONS......................................... C-1

Statement Regarding Oral Argument ........................................................ i

STATEMENT OF SUBJECT MATTER AND APPELLATE
        JURISDICTION .........................................................................- 1 -

STATEMENT OF THE ISSUES....................................................................- 1 -

STATEMENT OF THE CASE.........................................................................- 1 -

        Introduction............................................................................- 1 -
        Course of Proceedings Below................................................- 2 -
        Statement of the Facts...........................................................- 4 -
                Bharath Aiyer's work and residence history ....................- 5 -
                ASV  ....................................................................- 6 -

        Statement of Scope of Review...............................................- 7 -

SUMMARY OF THE ARGUMENT .................................................- 8 -

LEGAL STANDARD UNDER RULE 60(b).......................................- 9 -

ARGUMENT AND CITATION OF AUTHORITIES.......................................- 11 -

        I.     BHARATH DID NOT SLEEP ON HIS RIGHTS BECAUSE
               HE FILED HIS RULE 60(b)(4) MOTION WITHIN THREE
               MONTHS AFTER LEARNING THAT A JUDGMENT HAD
               BEEN ENTERED 11 YEARS BEFORE.......................................- 11 -

        II.    BHARATH, AS A FOREIGN NATIONAL, SHOULD NOT
               HAVE BEEN CHARGED WITH KNOWLEDGE OF
               PROCEDURAL LAW APPLICABLE IN UNITED STATES
               COURTS .....................................................................- 15 -

CONCLUSION ...............................................................................- 17 -

CERTIFICATE OF COMPLIANCE...................................................- 18 -

CERTIFICATE OF SERVICE ...........................................................- 19 -

ii

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*A & F Bahamas LLC v. World Venture Group, Inc.*,
   797 Fed. Appx. 657 (11th Cir. 2020)..................................................8

*\*Matter of Garfinkle*,
   672 F.2d 1340 (11th Cir. 1982) ...........................................13

*Glass v. United of Omaha Life Ins. Co.*,
   33 F.3d 1341 (11th Cir. 1994) ............................................13

*Hertz Corp. v. Alamo Rent-A-Car*,
   16 F.3d 1126 (11th Cir. 1994) ..............................................9

*Jordan Outdoor Enterprises, Ltd. v. That 70's Store, LLC*,
   819 F. Supp. 2d 1338 (M.D. Ga. 2011) ..............................11

*Oakes v. Horizon Fin. S.A.*,
   259 F.3d 1315 (11th Cir. 2001) ..........................................10

*Oldfield v. Pueblo De Bahia Lora, S.A.*,
   558 F.3d 1210 (11th Cir. 2009) ......................................7, 10

*RMS Titanic, Inc. v. Zaller*,
   978 F. Supp. 2d 1275 (N.D. Ga. 2013).............................11

*Shamrock Navigation Corp. v. Industria Naval Do Ceara S/A*,
   2012 WL 1021822 (S.D. Fla March 27, 2012)....................8

*Sloss Indus. Corp. v. Eurisol*,
   488 F.3d 922 (11th Cir. 2007) ............................................10

*\*Stansell v. Revolutionary Armed Forces of Colombia*,
   771 F.3d 713 (11th Cir. 2014) .........................8, 10, 12, 13

*U.S. v. Caicedo*,
   47 F.3d 370 (9th Cir. 1995) ................................................16

*U.S. v. Golitschek*,
   808 F.2d 195 (2d Cir. 1986) ...............................................16

*United States v. Antonius*,
   _____ F.4th _____ (2023 WL 4410951, 2d Cir. July 10, 2023) .......................16

*United Student Aid Funds, Inc. v. Espinosa*,
    559 U.S. 260 (2010)..........................................................................12

*Zeron v. C&C Drywall Corp.*,
    2020 WL 13420869 (S.D. Fla. March 16, 2020).................................8

**Statutes**

28 USC § 1291 ....................................................................................1

28 USC § 1338(a) ...............................................................................1

**Other Authorities**

Fed. R. Civ. P. 60 ............................................................................9, 14

*Fed. R. Civ. P. 60(b)(4)........................................... 1, 7, 8, 9, 10, 11, 12, 13, 16

Fed. R. Civ. P. 60(c)...........................................................................9

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Subject matter in this case arises under 28 USC § 1338(a) which confers original jurisdiction to district courts regarding cases relating to copyrights.

Appellate jurisdiction in this Court arises under 28 USC § 1291 which confers jurisdiction over final decisions of district courts.

Bharath Aiyer filed his Notice of Appeal on June 2, 2023 within 30 days of the District Court's order on May 8, 2023.

This appeal relates to a final order of the District Court for the Northern District of Georgia that disposes of all parties' claims.

## STATEMENT OF THE ISSUES

Whether the District Court erred in denying Aiyer's Motion to Set Aside Default Judgment under Fed. R. Civ. P. 60(b)(4) based upon untimeliness in spite of the fact that Aiyer was not served with the default judgment until 11 years after it was entered.

## STATEMENT OF THE CASE

### Introduction

This case presents a question regarding the demands the Federal Rules of Civil Procedure place on a foreign national to monitor a pending case despite the absence of personal jurisdiction over that foreign national.  Specifically, Appellee Saregama

sued Bharath Aiyer ("Bharath") for copyright infringement.  At the time of suit Bharath lived in India.

The District Court ultimately authorized service of process by email.  Bharath did not answer the Complaint and the District Court entered a default judgment (the "Judgment") against him.  For purposes of the decision now on appeal, the District Court presumed that Bharath did NOT receive a copy of the Judgment.

Bharath moved to the State of California in 2019.  Although the Judgment was dormant by that time, Saregama filed a Petition for Scire Facias to renew the Judgment.  Saregama served Bharath with the petition in California in July 2021.  That was the first time Bharath learned that the Judgment had been entered against him.

Bharath filed his Motion to Set Aside Default Judgment on September 29, 2021.  The District Court denied the motion as untimely because Bharath had notice of the lawsuit but did not monitor the course of the litigation.  The court determined that Bharath had thus waived his objection to personal jurisdiction.  This appeal challenges that ruling because there could be no knowing waiver until Bharath was notified that the District Court had entered judgment against him.

## Course of Proceedings Below

Saregama filed this action for copyright infringement on June 12, 2009.  Doc. 1.  The Complaint alleged that Bharath and his father, mother and brother were

pirating music for a venture called MusicIndiaOnline.com. Saregama alleged that MusicIndiaOnline.com was run through ASV Cyber Solutions, Inc. ("ASV"), a company supposedly owned by the Aiyer family.

Although the Complaint alleged upon information and belief that Bharath "was and is a resident of the State of Georgia," Saregama did not serve him in Georgia. Instead, Saregama filed an "Ex Parte Motion pursuant to FRCP 4(f)(3) Permissing (sic) Service by Email and United States Mail." Doc. 11. In support of the motion, counsel submitted his declaration concerning attempts to serve Bharath in India. Doc. 12, p. 8. The District Court then entered its order permitting service on Bharath by email and U.S. Priority Mail. Doc. 15. Saregama filed certificates of service on May 27, 2011. Doc. 16 and 17. Bharath did not file an answer.

The District Court issued its order on Saregama's motion for default judgment on September 6, 2011. Doc. 23. The clerk entered a Default Judgment against Bharath the following day. Doc. 24.

Other than the dismissal of the Defendants who had not been served, there was no further activity in the case until Bharath filed his motion in September 2021. Doc. 29. Following briefing, the District Court denied the motion without prejudice to permit Saregama time to conduct discovery. Doc. 37. After the exchange of written discovery, Bharath renewed his motion. Doc. 40. The District Court again

denied the motion by order dated May 8, 2023. Doc. 47. Bharath filed his Notice of Appeal on June 2, 2023 Doc. 49.

## Statement of the Facts

The District Court entered an $11 million Judgment in favor of Saregama against Bharath in 2011. During the next ten years, the Judgment sat unenforced and ultimately dormant with Bharath unaware of its existence. Saregama took steps to revive the judgment in July 2021 and Bharath received notice of that activity. Doc. 30, ¶ 4. Bharath filed a motion in September 2021 to void the judgment because the District Court lacked personal jurisdiction over him. Doc. 29.

Saregama sued Bharath in 2009 for copyright infringement related to the website MusicIndiaOnline (the "website"). Doc. 1. Saregama premised personal jurisdiction over the defendants based "upon information and belief" that Bharath was at all relevant times a resident of the State of Georgia. Doc. 1, ¶¶ 3, 4 and 6. He was not. Saregama now "concedes Bharath was not an actual or constructive resident of Georgia" in 2009. Doc. 33, p. 17.

Saregama also alleged that a website identified ASV's place of business as "541 10th Street, NW, #330" in Atlanta. Doc. 1, ¶ 7. In actuality, that address is a mailbox at a UPS store, a fact ultimately acknowledged by Saregama ("[a]n investigation revealed that the address . . . was a mailbox at a UPS store . . . ."). Doc. 10, p. 2, ¶ 4. ASV was the name of a company formed by Bharath's father under

the laws of the British Virgin Islands with no business operations in the United States, let alone in Georgia.

In support of his motion challenging personal jurisdiction, Bharath testified that he did not live in the United States, let alone Georgia, when the Complaint was filed in 2009. Doc. 30, ¶ 33. In fact, Bharath did not live in the United States at any time between 2004 and 2019. Doc. 39, ¶ 2; Doc. 30, ¶¶ 32, 36 and 37.

## Bharath Aiyer's work and residence history

Bharath was born in India and raised in Hong Kong, China where he lived until 1998. That year, at the age of seventeen, he moved to Atlanta, Georgia to pursue a degree in electrical engineering from the Georgia Institute of Technology ("Georgia Tech"). Doc. 30, ¶ 13. Bharath was a full-time student at Georgia Tech until he graduated in May 2002. Doc. 30, ¶ 15. Upon graduation, Bharath worked full-time as a systems engineer for Factory Automation Systems, Inc. Doc. 30, ¶ 16.

In 2004, Bharath left Georgia and moved back home to Hong Kong. *See id*. From 2004 to 2019, he resided in Hong Kong and various cities in India. Doc. 30, ¶¶ 17-37. In response to Saregama's interrogatories, Bharath provided his specific addresses from 2006 to 2012 in New Delhi (2006-07) and Mumbai (2008-12). Doc. 39, p. 2.

In 2009, when this lawsuit was brought, Bharath resided in Mumbai, India where he worked as a primetime television news anchor and assistant vice president

for NDTV, India's largest private producer of news, current affairs and entertainment television. Doc. 30, ¶ 30. Bharath eventually moved back to the U.S. in 2019, working as an associate partner at McKinsey and Company in San Francisco. Doc. 30, ¶ 37.

Prior to moving to California, Bharath was unaware that suit had ever been initiated. Doc. 30, ¶ 4. It was not until he received Saregama's Petition for *Scire Facias* in July 2021 that he discovered that he had been sued or that a judgment had been entered against him. *Id*.

Bharath testified by declaration that he was never affiliated with MusicIndiaOnline, Musicindiaone, or any similar website; never owned, personally directed, worked on, or supervised the MusicIndiaOnline website, or any similar website; never owned, personally directed, worked on, or supervised the Musicindiaone website, or any similar website; did not personally, or in collaboration with others, conceive or create the MusicIndiaOnline website, or any similar website; and never transacted any business with or on behalf of MusicIndiaOnline or its owners. Doc. 30, ¶¶ 62-64; 67-68.

## ASV

On June 2, 1999 a company called ASV was incorporated in the British Virgin Islands by Subramanian Aiyer, Bharath's father. Doc. 30, ¶ 46-47. Following its incorporation, ASV did not conduct business in the British Virgin Islands, or

elsewhere. *See id.* In fact, the company never operated as intended and instead remained inactive. *See id.* Consequently, in 2014 the company was stricken from the BVI register of companies for lack of payment of annual registration fees. Doc. 30, ¶ 53.

At all relevant times, Bharath's knowledge of ASV was limited to the fact that it had been an inactive enterprise established by his father. Doc. 30, ¶ 49-54. Contrary to Saregama's assertions, Bharath was never employed by ASV and never transacted any business with or on behalf of ASV. Doc. 30, ¶¶ 56, 58. Instead, this is a case of identity theft in which persons unknown created and posted online fictitious information linking Bharath to MusicIndiaOnline in order to hide behind him while exploiting Saregama's intellectual property.

## Statement of Scope of Review

Bharath filed a Rule 60(b)(4) motion to set aside the Judgment because the District Court did not have personal jurisdiction over him. The issue of whether personal jurisdiction is present is a question of law subject to *de novo* review. The denial of a motion to set aside a default judgment based upon the absence of personal jurisdiction is subject to *de novo* review because a district court's refusal to vacate a void judgment is *per se* an abuse of discretion. *Oldfield v. Pueblo De Bahia Lora, S.A.,* 558 F.3d 1210, 1217 (11th Cir. 2009).

## SUMMARY OF THE ARGUMENT

The District Court reasoned that Bharath "sat on his rights" and therefore waived his objection to personal jurisdiction. (Doc. 47, p. 10). The District Court's focus was not on Bharath's knowledge of the Judgment, but rather on his knowledge of the lawsuit itself. The court derived its conclusion from cases where the defendant sought Rule 60(b)(4) relief from a judgment too long after it learned of the judgment. *Stansell v. Revolutionary Armed Forces of Columbia*, 771 F.3d 713, 737 (11th Cir. 2014); *A & F Bahamas LLC v. World Venture Group, Inc*., 797 Fed. Appx. 657 (11th Cir. 2020). It similarly relied on other cases where the defendant knew of the lawsuit and failed to raise timely objections to service of process. *Zeron v. C&C Drywall Corp.*, 2020 WL 13420869 (S.D. Fla. March 16, 2020); *Shamrock Navigation Corp. v. Industria Naval Do Ceara S/A*, 2012 WL 1021822 (S.D. Fla March 27, 2012).

The District Court's analysis was incorrect for two reasons. (1) the only focus for purposes of Rule 60(b)(4) should be whether the movant had notice of the judgment, not just the underlying suit; and (2) even if notice of suit is the proper focus for a domestic defendant, a foreign national should not have to monitor the proceedings of a United States court in order to determine when a Rule 60 motion could be filed.

As to the first point, a "timeliness" determination under Rule 60(b)(4) essentially decides whether the litigant, by unnecessary delay, waived his objection

to personal jurisdiction.  A waiver must be "knowing."  Bharath could not know to seek relief from the Judgment until he knew about it.  The fact that Saregama did not serve him a copy of the Judgment until 11 years after it was entered does not preclude Rule 60 relief if he had not knowledge of it before then.

As to the second point, the District Court's decision identified its expectation that Bharath could have participated in pre-judgment defense of the case, but did not.  Due process with respect to a foreign national living in his home country limits the extraterritorial reach of courts in the United States.  The rules of Civil Procedure did not reach Bharath and he was not obligated to participate in pre-judgment litigation in order to preserve his rights under Rule 60(b)(4).

## LEGAL STANDARD UNDER RULE 60(b)

In pertinent part, Fed. R. Civ. P. 60(b)(4) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if] the judgment is void."  Fed. R. Civ. P. 60(b)(4).

Ordinarily, such a motion must be "made within a reasonable time" following the entry of judgment.  *See* Fed. R. Civ. Proc. Rule 60(c).  However, Rule 60 motions that involve jurisdictional challenges are not constrained by this reasonableness requirement.  *Hertz Corp. v. Alamo Rent-A-Car*, 16 F.3d 1126, 1130 (11th Cir. 1994).

"A judgment can be set aside for voidness where the court lacked jurisdiction or where the movant was denied due process." *Stansell v. Revolutionary Armed Forces Colombia*, 771 F.3d 713, 736 (11th Cir. 2014). This is because entry of a judgment without jurisdiction falls outside of a court's legal powers.

Rule 60(b)(4) "allows a litigant-even one who does not initially appear-to collaterally attack a judgment on the ground that it is void due to lack of personal jurisdiction." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 (11th Cir. 2007). A final judgment is void against any defendant over which the court lacked personal jurisdiction. *Id.*; *Oakes v. Horizon Fin. S.A.*, 259 F.3d 1315, 1319 (11th Cir. 2001). "Where the defendant challenges the court's exercise of jurisdiction over its person, the plaintiff bears the ultimate burden of establishing that personal jurisdiction is present . . . . [T]he issue of whether personal jurisdiction is present is a question of law and subject to *de novo* review. This standard applies whether the issue is raised by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(2) or a motion to set aside a judgment under Rule 60(b)(4)." *Oldfield v. Puebla De Bahia Lora, S.A.*, 558 F.3d 1210, 1217 (11th Cir. 2009)(citations omitted).

> A plaintiff must allege sufficient facts in its complaint to make out a *prima facie* case of personal jurisdiction over a defendant. If the plaintiff makes its *prima facie* showing of personal jurisdiction, the defendant may challenge the allegations of jurisdiction with evidence. Upon the defendant's submission of jurisdictional evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." Where there are conflicts between the

> evidence, the court makes all reasonable inferences in favor of the
> plaintiff.

*RMS Titanic, Inc. v. Zaller*, 978 F. Supp. 2d 1275, 1299 (N.D. Ga. 2013) (citations

omitted).

> This is true even after the entry of a default judgment.
>
> A judgment entered without personal jurisdiction over the defendant is
> void.   Where the defendant challenges the exercise of personal
> jurisdiction after entry of a default judgment, "the plaintiff bears the
> ultimate burden of establishing that personal jurisdiction is present."

*Jordan Outdoor Enterprises, Ltd. v. That 70's Store, LLC*, 819 F. Supp. 2d 1338,

1340 (M.D. Ga. 2011).

## <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

Bharath asked the District Court to set aside the Default Judgment as void

pursuant to Fed. R. Civ. P. 60(b)(4) arguing the Court lacked personal jurisdiction

over him because (1) at the time this lawsuit was brought, he was a resident of

Mumbai, India and was not subject to long arm jurisdiction in Georgia; and (2)

personal jurisdiction over Bharath could not have been imputed on the basis of any

alleged relationship between him and ASV.  The District Court did not reach the

merits of this motion. Instead, the Court ruled that Bharath had waived his right to

challenge personal jurisdiction because the motion was untimely.  (Doc. 47, p. 17).

## I.    **BHARATH DID NOT SLEEP ON HIS RIGHTS BECAUSE HE FILED HIS RULE 60(b)(4) MOTION WITHIN THREE MONTHS AFTER**

**LEARNING THAT A JUDGMENT HAD BEEN ENTERED 11 YEARS BEFORE**

An untimely motion under Rule 60(b)(4) constitutes a waiver of the right to challenge personal jurisdiction. *Stansell*, 771 F.3d at 737. Principles of waiver do not apply to Bharath because he did not know the Judgment had been entered. He could therefore not make a knowing waiver because he did not know that his right to seek Rule 60 relief had accrued.

The District Court determined that Bharath's motion under Rule 60(b)(4) was untimely because he had slept on his rights. In the Rule 60 context, the notion of litigants "sleeping on their rights" emanates from the Supreme Court's decision in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 275 (2010). In that case, the movant was a creditor in a bankruptcy case and had received all relevant information concerning a non-conforming bankruptcy plan. The movant had submitted to the jurisdiction of the bankruptcy court by filing a proof of claim. The Supreme Court determined that the movant had missed its opportunity to make a timely objection to the plan before the time for appealing had expired. It therefore had a full and fair opportunity to litigate the matter and could not pursue relief under Rule 60(b)(4).

The *Espinosa* precedent found its way into this circuit's jurisprudence in *Stansell*. In that case, the movant was the subject of a turnover judgment. The movant sought relief under Rule 60(b)(4) nine months after the movant's attorney

- 12 -

learned of the judgment. *Id*. at 736. This Court held that because the movant "knowingly sat on his rights for nine months before filing anything at all with the district court, he waived his right to object to any defects in the service of process . . . ." *Id*. at 737 (citing *Espinosa* for the proposition that Rule 60(b)(4) does not provide a license for litigants to sleep on their rights).

The District Court also relied on this Court's decision in *A&F Bahamas*. Again, the movant had knowledge of the judgment and waited eleven months to bring his Rule 60(b)(4) motion. As a result, the motion was untimely.

In each of these cases, the movant had knowledge of the judgment and acted untimely. In this case, Bharath did not have knowledge of the Judgment until three months before he filed his motion. The District Court even assumed "that Bharath never received a copy of the final default judgment." Doc. 47, pp 13-14. Without knowledge of the existence of the Judgment, Bharath could not have made a "knowing waiver" of his right to contest personal jurisdiction under Rule 60(b)(4).

"Waiver is the voluntary, intentional relinquishment of a known right." *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir. 1994). For a waiver to exist, a party must have actual or constructive knowledge of a right and an intent to relinquish that right. *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir. 1982). Although a waiver may be implied from conduct, the circumstances establishing waiver must be made out in a clear case. *Id*. When this Court said in *Stansell* that

- 13 -

the movant had "knowingly sat on his rights," it was giving voice to these principles of waiver.

The District Court's Opinion runs counter to these principles. In order to have a "right" under Rule 60, there must be a judgment. Bharath could not have asserted a Rule 60 motion while the underlying case was still pending. The District Court nevertheless concluded that Bharath's knowledge of the suit imputed to him by the service of the Complaint by email was sufficient to alert him to the necessity of protecting his rights. In fact, the Court laid out a series of actions Bharath could have taken in the years preceding the filing of his motion. *See* Doc. 47, p. 16, fn. 7.

In support, the court drew on the unpublished district court decisions in *Zeron* and *Shamrock*. Those cases relate to waiver of service of process based upon knowledge of the underlying suit. While knowledge of a lawsuit may be a basis for implying a waiver of an objection to deficient service of process under the particular facts of those two cases, Bharath has not identified a published opinion that barred access to Rule 60 relief for deficient personal jurisdiction based upon simple knowledge of the suit, but not of judgment. The District Court should not have foreclosed Rule 60 relief based upon the implied knowledge of the existence of the lawsuit.

## II. BHARATH, AS A FOREIGN NATIONAL, SHOULD NOT HAVE BEEN CHARGED WITH KNOWLEDGE OF AND PRE-JUDGMENT COMPLIANCE WITH PROCEDURAL LAW APPLICABLE IN UNITED STATES COURTS

The effect of the District Court's ruling effectively charged Bharath, a foreign national, with both a duty to monitor the proceedings in the District Court and to understand the procedural requirements of federal practice. These demands of a foreign national not operating in the United States are unreasonable in a due process context.

While Bharath acknowledged receipt of pre-litigation demand letters, he responded by emphatically denying any association with MusicIndiaOnline. Doc. 12-13, p. 3 of 5. He blocked further communications with Saregama's counsel, a fact acknowledged by the District Court. Doc. 47, p. 13, fn. 5. Bharath was therefore unaware that a lawsuit was filed against him, having already informed Saregama's counsel that he had no affiliation with MusicIndiaOnline. Doc. 30, ¶¶ 5-10.

The District Court perceived that Bharath could have joined the proceedings in the case in any number of ways, including by motions or retaining counsel. Doc. 47, p. 16, fn. 7. These demands are not consistent with due process given that Bharath was living and employed in India while this case was pending.

Once again, Bharath acknowledges that there are no cases addressing his specific circumstance. But in the context of criminal law, the extraterritorial application of federal law consistent with due process requires that there be a nexus

between the defendant and the United States.  *United States v. Antonius*, _____ F.4th _____ (2023 WL 4410951, 2d Cir. July 10, 2023).  This requirement recognizes that a defendant "would have a legitimate expectation that because he has subjected himself to the laws of one nation, other nations will not be entitled to exercise jurisdiction without some nexus." *U.S. v. Caicedo*, 47 F.3d 370, 372 (9th Cir. 1995).  This rule advances the interests of comity and fairness among nations.  *Id*.  Although ignorance of the law is generally considered no excuse because people are presumed to know the law, the presumption is less compelling when applied to a foreign national residing in his home country.  *See  U.S. v. Golitschek*, 808 F.2d 195, 203 (2d Cir. 1986).

While these authorities obviously do not address the issue presented in this case, they do reflect the due process expectations with regard to foreign nationals residing in their own countries.  It is presumptuous to demand of an individual resident of a foreign country that he participate in some fashion in litigation in this country when he is not subject to personal jurisdiction in the first place.  While the District Court was satisfied that Bharath knew of the litigation based upon the service of process by email (despite Bharath's denial), it was not justified in concluding that Bharath should have participated in pre-judgment defense.  Rule 60(b)(4) provides a safe harbor for foreign litigants to seek relief from a judgment *after* they are made aware of the judgment.  That is the procedure Bharath invoked

in this case and the District Court erred in concluding that he should have exercised the procedure "months (and maybe even a few years) after the judgment was entered."  Doc. 47, pp. 16-17, fn. 7.

## **CONCLUSION**

For the reasons discussed above, Bharath Aiyer respectfully requests that the decision of the District Court be reversed and the case remanded for consideration of his Rule 60(b)(4) motion on its merits.

This 12th day of July, 2023.

/s/ Michael J. King
Michael J. King
Georgia Bar No. 421160
*Attorney for Defendant/Appellant*
*Bharath Aiyer*

**GREENBERG TRAURIG, LLP**
Terminus 200, Suite 2500
3333 Piedmont Road NE
Atlanta, Georgia 30305
Tel:   (678) 553-2100
Fax:   (678) 553-2212

## CERTIFICATE OF COMPLIANCE

I, Michael J. King, furnish the following in compliance with the Fed. R. App. P. 32.

1.      I hereby certify that this Brief conforms to the rules contained in Fed. R. App.

P. 32(a)(7)(b) because:

> This brief contains 3897 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(b)(iii), according to the word processing program used to prepare it (Microsoft® Office Word 2010, with the "include footnotes and endnotes" option selected).

2.      I hereby certify that this Brief conforms to the rules contained in Fed. R. App.

P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> This brief has been prepared in proportionally spaced typeface using Microsoft® Office Word 2010 in 14-point Times New Roman font.

/s/ Michael J. King
Michael J. King

*Attorney for Defendant/Appellant*
*Bharath Aiyer*

Dated:  July 12, 2023

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of **BRIEF OF APPELLANT**

**BHARATH AIYER** by U.S. Mail as follows:

Alan Stuckey Clarke
Greenspoon Marder LLP
Promenade II
1230 Peachtree Street, NE
Suite 1900
Atlanta, GA 30309
alan.clarke@gmlaw.com

Anthony Motta
The Law Office of Anthony Motta
420 Lexington Avenue, Suite 300
New York, NY 10170

This 12th day of July, 2023.

/s/ Michael J. King
Michael J. King
Georgia Bar No. 421160
*Attorney for Defendant/Appellant*
*Bharath Aiyer*

**GREENBERG TRAURIG, LLP**
Terminus 200, Suite 2500
3333 Piedmont Road NE
Atlanta, Georgia 30305
Tel:   (678) 553-2100
Fax:   (678) 553-2212

*ACTIVE 688652480v2*