# 23-11881-E

### In the
## United States Court of Appeals
## For the Eleventh Circuit



SAREGAMA INDIA LTD.,

*Plaintiff-Appellee,*

v.

BHARATH AIYER,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA,
NO. l:09-cv-01581-TCB (HON. TIMOTHY C. BATTEN)

## BRIEF FOR PLAINTIFF-APPELLEE

LAW OFFICE OF ANTHONY MOTTA
*Attorneys for Plaintiff-Appellee*
110 Morningside Drive
Croton, New York 10520
(914) 589-5356
amotta@anthonymotta.com

## CERTIFICATE OF INTERESTED PERSONS AND
## CORPORATE DISCLOSURE STATEMENT

Pursuant to the Eleventh Circuit Local Rule 26.1-1 (a)(2) the undersigned counsel of record for Plaintiff–Appellee, Saregama India Limited, certifies that the following is full and complete list of the trial judge, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this particular case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

Plaintiff–Appellee, Saregama India Limited, accepts as correct the Certificate of Interested Persons filed by the Defendant-Appellant, Bharath Aiyer. In addition the following Corporate entities are related to the Plaintiff-Appellee, Saregama India Limited:

Composure Services Pvt. Ltd (parent, privately held)

Digidrive Distributors Limited (wholly-owned subsidiary)

Kolkata Metro Networks Ltd. (wholly-owned subsidiary)

Open Media Network Private Limited (wholly-owned subsidiary)

RPG Global Music Limited (subsidiary)

Saregama FZE (subsidiary)

C-1 of 2

Saregama Inc. (Affiliate, subsidiary of Saregama Ltd)

Saregama Ltd. (Subsidiary).

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Saregama believes the legal issues raised on this appeal are settled by well established case law particularly as they relate to waiver of the defense of lack of personal jurisdiction and the effect of a waiver on the ability to raise the issue on a Rule 60(b)(4) motion.  Bharath's argument that there is no time requirement to raise the defense ignores that it is a waivable defense. His argument that a foreign national defendant should be treated differently than a resident defendant in assessing the timeliness of a Rule 60(b)(4) motion has no support in case law or other legal authority. This is conceded by Bharath. Notwithstanding the above, Saregama would be prepared to argue the appeal if the Court so desires.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS AND
CORPORATE DISCLOSURE STATEMENT ....................................................C-1-

STATEMENT REGARDING ORAL ARGUMENT ...........................................-i-

TABLE OF CONTENTS........................................................................-ii-

TABLE OF AUTHORITIES ................................................................-iv-

STATEMENT OF THE ISSUES ........................................................-1-

STATEMENT OF THE CASE ...........................................................-1-
    A.    Introduction. .....................................................................-1-
    B.    The Underlying Action ....................................................-2-
    C.    Bharath Continues to Attempt to Mislead the Court in His Brief By
        Denying Knowledge of the Action and Judgment until 2021 and
        Misstating the Basis for Personal Jurisdiction ..................................-4-
    D.    Evidence of the Involvement of Bharath with ASV and the
        Musicindiaonline Website Supporting Personal Jurisdiction ............-5-
    E.    Bharath and the Individual Defendants Acknowledge Saregama's
        Claims .............................................................................-9-
    F.    Service of the Summons and Complaint and Entry of the Default
        Judgment .........................................................................-10-

THE DISTRICT COURT DECISION AND ORDER ........................................-12-

SUMMARY OF THE ARGUMENT ..................................................-15-

STANDARD OF REVIEW .............................................................-16-

ARGUMENT.............................................................................-16-
    A.    Bharath's Rule 60(b)(4) Motion is Untimely Because It was Brought
        More Than Ten Years After He Knew of the Lawsuit and that a
        Default Judgment was Being Sought................................................-16-
    B.    Bharath as a Foreign National Subject to the Jurisdiction of the Court
        Is Required to be Treated the Same as Any Other Defendant ........-20-

CONCLUSION................................................................................................-23-

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Austin v. Woodman*, 275 F. App'x 925 (11th Cir. 2008) ...................................-17-

*Bouton v. Ocean Props., Ltd.*, No. 16-cv-80502 (S.D. Fla. Oct. 23, 2017) .......... -8-

*Bryant v. Jones*, 575 F.3d 1281 (11th Cir. 2009) .................................................-20-

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985) .......................................-18-

*Burke v. Smith*, 252 F.3d 1260 (11th Cir. 2001).................................................-16-

*Chanel, Inc. v. Bestbuyhandbag.Com,* No. 14-CV-62191 (S.D. Fla. Dec. 29, 2014) ................................................................................................................-7-

*Fannin v. United Space Alliance, LLC*, 392 F. App'x. 788 (11th Cir. 2010).......-20-

*In re Farris*, 365 F. App'x 198 (11th Cir. 2010) ..................................................-12-

*In re Hobbs*, 141 B.R. 466 (Bankr. N.D. Ga. 1992)............................................-12-

*Insituform Technologies, Inc. v. Amerik Supplies, Inc.*, 588 F. Supp. 2d 1349 (N.D. Ga. 2008) ..............................................................................................-12-

*Jet Charter Service, Inc. v. Koeck,* 907 F.2d 1110 (11th Cir. 1990) ...................-21-

*Maurice v. U.S. Attorney General*, 388 F. App'x 932 (11th Cir. 2010) ..............-17-

*Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, No. 17-12889 (11th Cir. Aug. 8, 2018) ......................................................................................................-18-, -19-

*Norelus v. Denny's, Inc.*, 628 F.3d 1270 (11th Cir. 2010) ..................................-20-

*Pardazi v. Cullman Medical Center*, 896 F.2d 1313 (11th Cir. 1990)................-18-

*Shamrock Navigation Corp. v. Indústria Naval Do Ceará S/A*, No.

10-61886-CIV-COHN/SELTZER (S.D. Fla. Mar. 27, 2012) .....................-13-, -14-

*Stansell v. Revolutionary Armed Forces Colombia*, 771 F.3d 713 (11th Cir. 2014) ......................................................................................-16-, -18-

*Stubbs v. Wyndham Nassau Resort*, 447 F.3d 1357 (11th Cir. 2006) ................. -18-

*Telewizja Polska USA, Inc. v. Echostar Satellite Corp*., No. 02 C 3293, 2004 WL 2367740 at *5 (N.D. Ill. Oct. 15, 2004) .............................................................. -8-

*Tracfone Wireless, Inc. v. Technopark Co., Ltd.*, 313 F.R.D. 680 (S.D. Fla. 2016) .................................................................................................................-7-

*U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386 (S.D.N.Y. 2016) ........................................................................................................... -9-

*U.S. v. Caicedo*, 47 F.3d 370 (9th Cir. 1995) ........................................................-21-

*Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV (S.D. Fla. Feb. 19, 2014) .....................................................................................................................-7-

*United States v. Antonius*, No. 21-1083 (2d Cir. July 10, 2023) .........................-21-

*Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087 (D. Or. 2000) ...................................................................................................................-8-

*Zeron v. C & C Drywall Corp.*, No. 09-cv-60861 (S.D. Fla. Mar. 16, 2020) ..... -13-

## **Rules**

Fed. R. Rule Civ. Proc 60 (b)(4) .............................................................-1-, -2-, -12-

Fed. Rule Evid. 803 (17)........................................................................................-9-

Fed. Rule of Evid. 801 (2)(A) ...............................................................................-8-

## **STATEMENT OF THE ISSUES**

Whether the District Court properly found that Bharath's Fed. R. Rule Civ. Proc 60 (b)(4) motion brought on September 29, 2021 seeking to set aside a default judgment entered on September 7, 2011 (the "Default Judgment") (Doc. 24) was untimely where Bharath acknowledged Saregama's claims in 2009 and received in 2011 copies of the summons, complaint and Motion for Default Judgment[1].

## **STATEMENT OF THE CASE**

### A.    **Introduction.**

Saregama is one of the largest music recording companies in India owning nearly 50% of all the musical compositions ever recorded on the subcontinent.

Fourteen years ago in 2009 it discovered that a rogue website, musicindiaonline.com, was making available for streaming musical compositions and sound recordings in which it owns the exclusive copyrights. Utilizing industry-standard information sources such as the WHOIS website and LEXIS-NEXIS it discovered that ASV Cyber Solutions, Inc. with an address in Atlanta, Georgia was behind the website, that its server was also located in Atlanta, and that Bharath, denoted its "Administrative and Technical Contact", was one of the individuals behind ASV.  The websites of ASV and Bharath confirmed his affiliation with

---

[1] The Defendant–Appellant, Bharath Aiyer, shall be referred to as "Bharath". The Plaintiff-Appellee shall be referred to as "Saregama".

ASV.

Letters and emails before action acknowledged and responded to by Bharath followed. A work address for Bharath was found in India. After multiple, unsuccessful attempts to serve him, Saregama obtained an ex parte order providing for substituted service by email and U.S. Priority Mail. The summons and complaint was served upon Bharath and when he defaulted a motion for default judgment was served. There was again no response and a default judgment for $11,120,000 was obtained.

In 2019 Bharath returned to the United States and when Saregama took steps to enforce its judgment in 2021 Bharath sought to have the judgment set aside pursuant to Fed. Rule Civ. Proc. 60(b)(4) alleging lack of personal jurisdiction. The District Court denied the motion finding it to be untimely given Bharath was aware of the lawsuit and the prospect of a default judgment in 2011.

Bharath raises two issues on this appeal: (1) was the Rule 60(b)(4) motion timely, and (2) does due process requires that Bharath, as a foreign national, resident in a foreign country, be treated differently when assessing the timeliness of a Rule 60(b)(4) motion.

**B.**    <u>**The Underlying Action.**</u>

This action was commenced on June 12, 2009 by the filing of the Complaint

(Doc. 1). The Complaint alleged four claims against Bharath, Anand Aiyer, Subramanian Aiyer (collectively the "Individual Defendants"), ASV Cyber Solutions, Inc. ("ASV"), V. Subramanian, and S. Devaki. All the claims were premised upon the exploitation on the website, musicindiaonline.com (the "musicindiaonline website"), of sound recordings and musical compositions in which Saregama possessed the exclusive copyrights.

The first claim alleged direct and contributory copyright infringement against Bharath and the other Individual Defendants. It alleged that ASV owned, operated and hosted the musicindiaonline website and had a place of business at 540 110th St. NW, #330, Atlanta, GA 30318–5713. (Doc. 1 ¶¶7 and 10).  It alleged the Individual Defendants conceived and created the musicindiaonline website, did business as ASV, directed and supervised its activities and the infringing activities of the musicindiaonline website, and derived economic benefit as a result. (Doc. 1 ¶¶12 to 26).

The second claim alleged the Individual Defendants were vicariously liable for the infringement of Saregama's copyrights. (Doc. 1 ¶¶ 42 and 43). The third claim alleged violations of Section 43(a) of the Lanham Act.   (Complaint ¶¶ 50-55). The fourth claim sought recovery for common law unjust enrichment.  (Doc. 1 ¶¶ 57-59).

**C.    Bharath Continues to Attempt to Mislead the Court in His Brief By Denying Knowledge of the Action and Judgment until 2021 and <u>Misstating the Basis for Personal Jurisdiction.</u>**

Citing Bharath's acknowledged receipt of a demand letter and emails notifying him Saregama would be filing suit for copyright infringement, and the undenied service upon him of the summons, complaint and Motion for Default Judgment, the District Court found that Bharath's statement he was unaware of the lawsuit until 2021 "strains credulity". (Doc. 47 p. 11).  Undeterred, Bharath continues to deny in his Brief knowledge of the lawsuit or default judgment until 2021.  He states in his Brief: (1) he did not learn of the default judgment until he was served in 2021 with a Petition for *Scire Facias* (Brief p. 2); (2) he was unaware prior to moving to California in 2019 that "a lawsuit had ever been initiated" and did not learn of the Default Judgment until served with the Petition (Brief p. 6); and (3) he was unaware the lawsuit or Default Judgment until 2021 (Brief p. 21).

Bharath misstates the basis for personal jurisdiction. He claims the sole basis for personal jurisdiction alleged in the Complaint (Doc 1) is the allegation "upon information and belief" that Bharath "was and is a resident of the State of Georgia" (Brief p. 3). This is untrue. The Complaint alleges Bharath was doing business in Georgia through ASV.  The Complaint alleges ASV's place of business was in

Atlanta, Georgia (Doc. 1 ¶ 7), that the Georgia Secretary of State had no record of ASV (Doc. 1 ¶ 8), that ASV owned and operated the musicindiaonline website, and that Bharath and the other Individual Defendants conceived, created, and directed its activities.  The Complaint alleges that ASV and musicindiaonline were assumed names used by Bharath and the Individual Defendants. (Doc. 1 ¶ 9).

The District Court acknowledged this as the basis for personal jurisdiction. Because Saregama was unable to serve Bharath after multiple attempts it made an Ex Parte Motion Permitting Service by Email and U.S. Priority Mail (the "Ex Parte Motion") (Doc. 12).  The District Court granted the motion and issued an Ex Parte Order Permitting Substituted Service (Doc. 15) ( the "Ex Parte Order"). It found as a basis for personal jurisdiction that Bharath and the Individual Defendants "do business as ASV Cyber Solutions, Inc. and MusicIndiaOnline at 541 10th Street, NW #330, Atlanta, GA 30318-5713".  (Id)  This finding was the result of a painstaking Internet search conducted by Saregama's attorneys to identify the parties responsible for the musicindiaonline website which was documented to the District Court in support of the Ex Parte Motion. The evidence presented to the District Court is set forth below.

**D.** **Evidence of the Involvement of Bharath with ASV and the Musicindiaonline Website Supporting Personal Jurisdiction.**

Saregama's attorneys used the WHOIS database to identify the owner of the

-5-

musicindiaonline website and its principals.  They relied upon information posted

on the "ASV website", https://asvcyber.com, to confirm  Bharath's affiliation and

executive position with ASV.  They also relied upon information from Bharath's

LinkedIn profile. These were presented to the District Court both in support of the

Ex Parte Motion (Doc. 11 and 12) and in opposition to Bharath's Rule 60(b)(4)

motion (Doc. 43). More detail as to the documents submitted to the District Court

is provided below:

    a)    Domain Tools printout (Doc. 12-2), accessed November 11, 2008,

            setting forth the WHOIS record for musicindiaonline.com.  It

            identifies "MusicIndiaOnline.com", as the registrant and Bharath as

            its "Administrative and Technical Contact", e-mail:

            baiyer@asvcyber.com, with an address at:

            ASV Cyber Solutions, Inc.
            541, 10th Street NW #330
            Atlanta, GA 30318-5713
            US

            It sets forth the location of the server as "Georgia - Atlanta - ASV

            Cyber Solutions Inc."

    b)    A printout of the ASV website (Doc. 12-3), accessed February 20,

            2009, which identifies Bharath as its "VP Marketing and Business"

            and states ASV operates "many high traffic web properties" including

"Musicindiaonline, The Ultimate Indian Music Resource". It sets

forth its "mailing address" as

541, 10th Street NW #330
Atlanta, GA 30318 – 5717.

c)    The LinkedIn page of Bharath (Doc. 12-7), accessed November 12,

2008, which identifies him as "the Vice President ASV

Cybersolutions Inc."

Information from the WHOIS database is not excludable as hearsay. It is

admissible pursuant to Fed. Rule of Evid. 803 (17) as a directory and compilation

that is "generally relied upon by the public or by persons in particular

occupations." Courts within the Eleventh Circuit have consistently relied upon

information available on the WHOIS database to identify the registrant and contact

information for a domain name and website. *Tracfone Wireless, Inc. v.*

*Technopark Co., Ltd.*, 313 F.R.D. 680, 680 (S.D. Fla. 2016) ("This Court, like

many in the Southern District of Florida, routinely considers WHOIS database

information when the identity of a defendant is in question); *Chanel, Inc. v.*

*Bestbuyhandbag.Com,* No. 14-CV-62191 at *2 (S.D. Fla. Dec. 29, 2014)

(Information obtained from the WHOIS database to identify the registrant and

contact information admissible); *Under Armour, Inc. v. 51nfljersey.com*, No.

13-62809-CIV at *1 (S.D. Fla. Feb. 19, 2014) (WHOIS domain registration data

-7-

identifying contact information admissible).

Statements on the ASV website and Bharath LinkedIn page are also admissible. Statements on the websites of parties are considered admissions under Fed. Rule of Evid. 801 (2)(A) and are not barred by the hearsay rule. *Bouton v. Ocean Props., Ltd.*, No. 16-cv-80502 at *61-62 (S.D. Fla. Oct. 23, 2017) ("Courts routinely find that statements on the website of a party to a lawsuit are considered an admission by a party opponent"). See also *Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, 2004 WL 2367740, at *5 (N.D. Ill. Oct. 15, 2004); *Van Westrienen v. Americontinental Collection Corp.*, 94 F. Supp. 2d 1087, 1109 (D. Or. 2000).

Also presented to the District Court evidencing ASV's involvement with the musicindiaonline website, and the involvement of Bharath with ASV and the musicindiaonline website, were the following:

a)    LEXIS-NEXIS public records search on "ASV Cybersolutions". It sets forth its address as 541 10th Street, Atlanta, GA 30318. It identifies "Aiyer Bhrath" as a "Person Associates" of ASV. (Doc. 34-1).

b)    LEXIS-NEXIS public record search done as to "Aiyer, Bharath S." It states Bharath is employed by ASV as its "Domain Administrative

Contact" and "Domain Technical Contact".  (Doc. 34-2).

As with the WHOIS database, LEXIS-NEXIS is commonly relied on for business purposes and by the public. It also falls within the hearsay exceptions set forth at Fed. Rule Evid. 803 (17).  See *U.S. Bank, Nat'l Ass'n v. UBS Real Estate Sec. Inc.*, 205 F. Supp. 3d 386, 442 (S.D.N.Y. 2016). ("The Court finds that Lexis-Nexis was a reliable source for Holt's opinions, and that evidence from the Lexis-Nexis database is admissible under the hearsay exception of Rule 803(17)").

## E.     **Bharath and the Individual Defendants Acknowledge Saregama's Claims**.

As found by the District Court Bharath and the Individual Defendants were contacted on multiple occasions regarding Saregama's claims.  (Decision p. 3, fn 3)  Both Bharath and Subramanian responded and acknowledged the claims.  (Id).

The District Court's finding was premised upon the following.

A letter before action was sent on November 17, 2008 by email to Bharath at baiyer@gmail.com and Anand to anand@aiyer.com.  (Doc. 12-9 ¶ 13).  When no response was received a follow-up email was sent on December 5, 2008 to the same email addresses. (Id, Doc. 12-10). Neither e-mail was returned as undelivered. Although the e-mail was not sent to him Subramanian responded by email on December 8, 2008, indicating that either Bharath or Anand had forwarded the e-mail. (Doc. 12-11). With a signature line setting forth he was "Director" of

"MusicIndiaOnline" he stated in the email he was "in touch" with Saregama "regarding licensing issues", which Saregama denied.  (Id).

A second letter before action was sent by Federal Express on January 21, 2009 to Bharath addressed to a company he was associated at the time, NDTV. (Doc. 12-12).  The envelope was not returned as undelivered. (Id).  A follow-up email was sent on February 22, 2009 to both Bharath and Anand.  (Doc. 12-13 ¶16). Bharath acknowledged receipt of both the letter and emails, and admits he sent a responsive e-mail on February 22, 2009.  (Doc. 12-13).    In response to an email sent by Bharath on February 24, 2009 stating he had no affiliation with ASV an email was sent by Saregama's attorney to Bharath attaching a copy of the ASV website identifying Bharath as "VP Marketing and Business". (The email as part of the string attached as Doc. 12-13). Bharath did not deny the information. Instead, as set forth in the email exchange, the link to the ASV website was disabled so it was no longer accessible. (Id.)

## F.    Service of the Summons and Complaint and Entry of the Default Judgment.

As detailed in the Ex Parte Motion (Doc. 12) Saregama made multiple attempts to serve Bharath with the summons and complaint but was unsuccessful because he evaded service. Service under the Hague Service Convention to Bharath at NDTV, his acknowledged employer, was refused. (Doc. 12 ¶ 18). Three

subsequent attempts at personal service at locations where Bharath allegedly worked were also refused. (Doc. 12 ¶ 19).

The Ex Parte Order (Doc. 15) found specifically that the Individual Defendants did "business as ASV Cyber Solutions, Inc. and MusicIndiaOnline at 541 10th Street, NW #330 Atlanta, GA 30318–5713". (Doc. 15). It also found that the email addresses of Bharath, Anand and Subramanian were known and that Bharath and Subramanian "engaged in email correspondence with plaintiff's attorney by means of such email addresses". (Id). The Ex Parte Order permitted service upon the Individual Defendants by email attachment and U.S. Priority Mail. (Id).

As evidenced by the certificates of service filed with the Court (Doc. 16 and 17), Saregama served the summons and complaint in conformity with the Ex Parte Order. None of the mailings made by U.S. Priority Mail were returned as "undelivered". (Id).

Saregama also served the Motion for Default Judgment (Doc. 19, 20 and 21) pursuant to the Ex Parte Order. (A copy of the Certificate of Service was filed at Doc. 22). The Motion was served by e-mail attachment to baiyer@gmail.com, and by U.S. Priority Mail addressed to Bharath at NDTV, his acknowledged place of employment. (Doc. 22). Bharath does not claim he did not receive the summons,

-11-

complaint or Default Judgment Motion.  Nonetheless he states: "Prior to [July 2021] I did not know that I had been sued in this case or that a default judgment had been granted against me".  (Doc. 30 ¶5).

Bharath was properly served under the Ex Parte Order giving rise to a presumption of receipt which can only be rebutted by "strong and convincing evidence". *In re Farris*, 365 F. App'x 198, 199-200 (11th Cir. 2010); *Insituform Technologies, Inc. v. Amerik Supplies, Inc.*, 588 F. Supp. 2d 1349, 1353 (N.D. Ga. 2008).  A mere denial of receipt, as here, is insufficient to rebut the presumption. *In re Hobbs*, 141 B.R. 466, 468 (Bankr. N.D. Ga. 1992).

## THE DISTRICT COURT DECISION AND ORDER

Bharath moved pursuant to Fed. Rule Civ. Proc 60 (b)(4) to void the Default Judgment initially on September 29, 2021.  (Doc. 29). The District Court denied the motion without prejudice to permit the parties to engage in jurisdictional discovery. (Doc. 37). After the parties had done so Bharath moved again on January 17, 2023. (Doc. 40).  By Decision and Order dated May 8, 2023 the District Court denied the motion finding it to be untimely (the "Decision"). (Doc. 47 p. 9).

In so deciding the District Court recognized that a Rule 60 (b)(4) motion premised on nonwaivable jurisdictional defects is exempt from the requirement

-12-

that it be brought within a reasonable time.   (Doc. 47 p. 9). It found the requirement of timeliness applies to motions premised on a lack of personal jurisdiction because "objections to personal jurisdiction are waivable".  (Id).

The District Court found that Bharath's statement that he only became aware of the Default Judgment, and that he had been sued, when he was served by mail with Saregama's Petition for *Scire Facias* to be incredulous. (Doc. 47 p. 11).  It noted that Bharath's sworn declaration disavowing knowledge of the suit to be insufficient in light of the fact he did not claim service of process was insufficient, he acknowledged the exchange of pre-suit correspondence with Saregama's attorneys, and copies of the complaint, summons, and Motion for Default Judgment were e-mailed and mailed to addresses he acknowledged receiving pre-suit correspondence. (Id).  None were returned as undelivered.  (Id).

The District Court rejected Bharath's contention that the time to assert a Rule 60(b)(4) motion can only commence upon service of the judgment and noted Bharath had cited to no supporting case law.  (Doc. 47 p. 13). It assumed the Default Judgment had not been served upon Bharath. (Id). It still found Bharath had sat on his rights by not objecting to the suit after having actual knowledge of it. In support it cited to *Zeron v. C & C Drywall Corp.*, No. 09-cv-60861 (S.D. Fla. Mar. 16, 2020) and *Shamrock Navigation Corp. v. Indústria Naval Do Ceará S/A*,

-13-

No. 10-61886-CIV-COHN/SELTZER (S.D. Fla. Mar. 27, 2012).

Similar to the facts here, in *Zeron* the defendant asserted a Rule 60(b)(4) motion to open a Default Judgment entered ten years prior claiming he had only learned of it when plaintiff sought to garnish his wages. The court found that a retainer agreement between defendant and his attorney signed ten years before evidenced actual knowledge of the lawsuit. It denied the motion as untimely.

The defendant in *Shamrock Navigation Corp* brought a Rule 60 (b)(4) motion claiming lack of personal jurisdiction because of insufficient service of process. Attorneys, who at the time represented the defendant, were given copies of the summons and complaint and advised of the time to respond. Defendant failed to respond to the complaint and Default Judgment was entered. It filed its Rule 60 (b)(4) motion more than a year later. The court denied the motion finding that defendant had knowledge of the action against it resulting in a waiver of its objection to service of process.

The District Court found that a defendant cannot do nothing once he knows of a lawsuit and then later move to set aside the judgment entered against him. It found that Bharath had knowledge of the lawsuit for more than a decade prior to his motion, and that

> "[A]ny holding other than denying Bharath's motion to set aside for
> untimeliness would render moot any limitation on Rule 60(b)(4) motions,

the requirement to defendants not knowingly sat on the rights, and the distinction between waivable and nonwaivable defenses."

## SUMMARY OF THE ARGUMENT

Bharath's argues that his time to bring a Rule 60(b)(4) motion commenced when he learned of the Default Judgment in 2021. The argument ignores the uncontested finding of the District Court that Bharath knew of Saregama's claims in 2009 through an exchange of correspondence with Saregama's attorneys, that he was aware in 2011 that an action had been commenced by service of a  summons and complaint, and he was aware in 2011 that a judgment was being sought by service of the Motion for Default Judgment. Lack of personal jurisdiction is a waivable defense. Bharath had ample opportunity to raise the defense in 2011, or shortly thereafter.  The defense had been had been waived by the time he brought the Rule 60(b)(4) motion in 2021.

Bharath's second and final argument for reversal states that due process requires he not be subject to a default judgment, and that he be permitted to make the Rule 60(b)(4) motion.  He states as a foreign national residing in a foreign country he should not be required to monitor the proceedings in the District Court, or understand the procedural requirements of federal practice.

Bharath failed to make the argument to the District Court and the Court should consider it waived. Even if it were to consider the argument Bharath has no

legal authority to support it, a point he freely concedes in his Brief.

Due process is satisfied by the requirement that Bharath have certain minimum contacts with Georgia to be subject to personal jurisdiction, a finding made by the District Court in the Ex Parte Order. (Doc. 15). There is no reason a rationale to treat a foreign defendant any differently from a resident defendant. The concept of being required to respond to summons, complaint and motion for default judgment to avoid a default judgment is not so novel or strange as not to be understood.

## STANDARD OF REVIEW

A motion to set aside a judgment for voidness under Rule 60(b)(4) is subject to de novo review. *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001); *Stansell v. Revolutionary Armed Forces Colombia*, 771 F.3d 713, 736 (11th Cir. 2014).

## ARGUMENT

**A.    Bharath's Rule 60(b)(4) Motion is Untimely Because It was Brought More Than Ten Years After He Knew of the Lawsuit and that a Default Judgment was Being Sought.**

Bharath states in his Brief that the time to bring a Rule 60(b)(4) motion can only commence when a defendant has actual knowledge of the judgment against him. He states that without knowledge of the Default Judgment he could not have

-16-

made a "knowing waiver" of his right to contest personal jurisdiction under Rule 60(b)(4). (Brief p. 13). Bharath cites to no authority for the proposition because there is none.

As an initial matter, while Bharath states in his Brief he was unaware of the lawsuit or Default Judgment until 2021, (Brief pp. 2, 6, and 15), he makes no attempt to challenge the District Court's findings that he was aware of the lawsuit and Default Judgment as improper or incorrect. He does not deny the exchange of pre-action correspondence found by the District Court, or the service and receipt of the summons, complaint and Motion for Default Judgment. He does not, and cannot challenge, the finding that he was aware of the lawsuit and that Saregama was seeking judgment against him since 2011. His failure operates as a waiver to contest the findings. *Maurice v. U.S. Attorney General*, 388 F. App'x 932, 934 n.1 (11th Cir. 2010) ("The failure to argue an issue on appeal operates to waive the issue"). *Austin v. Woodman*, 275 F. App'x 925, 926 n.2 (11th Cir. 2008) ("Issues not raised on appeal are deemed waived")[2].

Bharath argues that knowledge of the Default Judgment was required for

---

[2]Without offering a scintilla of proof Bharath states that his LinkedIn page and the ASV website are a result of "a case of identity theft in which persons unknown created and posted online fictitious information linking Bharath to MusicIndiaOnline in order to hide behind him while exploiting Saregama's intellectual property" (Brief p. 7).

him to know of his right to contest personal jurisdiction. (Brief pp. 13-14).

Bharath knew the action had been commenced against him and that Saregama was going to seek a default judgment. As the District Court found, this was more than sufficient for him to realize he was required to do something and if he believed the Court not to have jurisdiction to contest jurisdiction.  (Doc. 47 p. 16, fn. 7).  Lack of personal jurisdiction is a waivable defect and is waived if defendant does not make a timely objection.  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985); *Stubbs v. Wyndham Nassau Resort*, 447 F.3d 1357, 1364 (11th Cir. 2006).

In *Nat'l Loan Acquisitions Co. v. Pet Friendly, Inc.*, No. 17-12889 (11th Cir. Aug. 8, 2018) an action was commenced in 2009 against the defendant for breach of contract. Id at *2.  Defendant defaulted and judgment was entered. In 2017 defendant moved pursuant to Rule 60(b)(4) to set aside the judgment. One basis for the motion was lack of personal jurisdiction.

The Court, citing to *Pardazi v. Cullman Medical Center*, 896 F.2d 1313, 1317 (11th Cir. 1990), stated an objection to personal jurisdiction is waived if defendant fails to raise the objection in a timely manner. It gave as an example *Stansell supra* at 736 noting that the Court there found defendant "knowingly sat on his rights" when it failed for nine months to object to personal jurisdiction resulting in the denial of its Rule 60(b)(4) motion. Id at *5.

The Court in *Nat'l Loan Acquisitions Co.* affirmed the denial of the Rule 60(b) motion finding that defendant had waived the challenge to personal jurisdiction by failing to raise the issue nine years before. Id. It stated defendant "does not argue that she was *unaware of the lawsuit against her* until she filed the Rule 60 (b) motion." Id. (Emphasis added).

As the District Court correctly found Bharath knew of the action and that Saregama was seeking a Default Judgment in 2011. (Doc. 47 p. 16). If he wanted to contest personal jurisdiction he could have and should have done something then or shortly after.

Looking at the sequence of events and reviewing the facts it seems clear that receiving a copy of the Default Judgment in 2021 was not what spurred Bharath to seek legal representation and make a Rule 60(b)(4) motion. Bharath had known of the lawsuit and that Saregama was seeking for judgment ten years before but believed he was safe from enforcement in India. After returning to the United States in 2019 he realized that Saregama was able to and would seek to enforce the Default Judgment. Realizing the implications of a judgment does not commence the time to contest personal jurisdiction or make a Rule 60(b)(4) motion.

-19-

**B.      Bharath as a Foreign National Subject to the Jurisdiction of the Court Is Required to be Treated the Same as Any Other Defendant**

Bharath attempts an argument on appeal not made to the District Court. He argues that a foreign national residing outside the United States should be treated differently than another defendant over whom the Court has personal jurisdiction. Bharath states it is unreasonable in a "due process context" to have "effectively charged [him], as a foreign national, with the duty to monitor proceedings in the District Court and to understand the procedural requirements of federal practice". (Brief p. 15).  The import of the argument is not made clear. Does Bharath's version of due process mean he can never be subject to the court's proceedings? Does it mean he can bring a Rule 60(b)(4) motion anytime he wants? No clear answer is provided.

Before considering the argument and its implications the Court should determine whether Bharath has waived it.  The argument was not raised in the District Court.  (See Doc. 40, Motion to Set Aside Order/Judgment and Doc. 46, Bharath Reply on Motion). An issue not raised at the trial court level "should not be considered on appeal." *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1296 (11th Cir. 2010); *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009).  See also *Fannin v. United Space Alliance, LLC*, 392 F. App'x. 788, 790 (11th Cir. 2010) (refusing to

address the merits of appellant's claim because he "never advanced the legal argument below that he now raises on appeal").

If the Court were to entertain the argument the starting point would be Bharath's concession there is no legal authority to support it. He cites to Second Circuit and Ninth Circuit cases dealing with the extraterritorial application of U.S. criminal law to foreign nationals, but admits these cases "do not address the issues presented in this case."[3]

Of course from the Court's perspective any due process concern is satisfied by Bharath having sufficient minimum contacts with Georgia supporting personal jurisdiction. While the District Court denied the Rule 60(b)(4) motion finding it to be untimely, and did not consider Bharath's contention there was no personal jurisdiction, it found in adjudicating the Ex Parte Order that Saregama had alleged sufficient facts showing there to be jurisdiction. (Doc. 15). The same jurisdictional requirements imposed by the Due Process Clause apply both to residents of the United States and foreign nationals residing abroad. *Jet Charter Service, Inc. v.*

---

[3]The two cases cited are *United States v. Antonius*, No. 21-1083 (2d Cir. July 10, 2023) and *U.S. v. Caicedo*, 47 F.3d 370 (9th Cir. 1995). Both dealt with violations of U.S. drug trafficking laws by defendants captured on the high seas in "stateless" vessels, not registered to any country or flying the flag of any country. Both the Second Circuit and the Ninth Circuit found no nexus is required for criminal prosecution of defendants involved in drug trafficking in stateless vessels.

*Koeck,* 907 F.2d 1110, 1113 n.3 (11th Cir. 1990) ("With respect to determining whether a state court may assert personal jurisdiction, the requirements of due process apply equally to foreign persons or corporations ... as to domestic corporations").

Ostensibly, Bharath would have the Court create a new category of defendant, a foreign national residing outside the United States, who could not have a default judgment entered against him because he would be required to "monitor the proceedings in the District Court and to understand the procedural requirements of federal practice." (Brief p. 15).

There is good reason for there being no authority for Bharath's position. The argument is frivolous.  Being sued and subject to a default if no response is made is not such an alien concept so as not to be understood. This is particularly so for an English-speaking defendant from a Common Law country such as India. The summons served upon Bharath warns that an answer or response is due within twenty days and the failure to respond will result in judgment by default. The Motion for Default Judgment (Doc. 19) served upon Bharath, provided notice that Saregama actually intended to seek the Default Judgment.  Knowledge of the "procedural requirements of federal practice" or monitoring "proceedings in the District Court" was not required to realize this.

-22-

## <u>CONCLUSION</u>

It is respectfully requested that the Court affirm the decision of the District Court in its entirety, together such other and further relief as this Court deems necessary and appropriate.

Date: September 22, 2023

<u>  /s/Anthony Motta          </u>
Anthony Motta
*Attorney for Plaintiff-Appellee,*
*Saregama India Ltd.*
110 Morningside Drive
Croton, NY 10520
Tel: (914) 589-5356
E-mail: amotta@anthonymotta.com

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Anthony Motta, furnish the following in compliance with Fed. R. P. 32.

1.      I hereby certify that this brief conforms to the rules contained in Fed R. App. P. 32(a)(7)(b) because:

This brief contains 5,518 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(b)(iii), according to the word processing program used to prepare it WordPerfect X8, (with the  "Include footnotes and endnotes" option selected).

2.      I hereby certify that this brief conforms the rules contained in Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

This brief has been prepared in proportionally space typeface using WordPerfect X8 and 14 point Times New Roman font,

_/s/Anthony Motta_____
Anthony Motta
*Attorney for Plaintiff-Appellee*
*Saregama India Ltd.*

Dated: September 22, 2023

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 22, 2023, I caused to be electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends an electronic notification to CM/ECF participants.

 /s/Anthony Motta

Anthony Motta
*Attorney for Plaintiff-Appellee*
*Saregama India Ltd.*
